## BABCOCK *against* CALLENDER and another.

Where the defendants, in an action against them as the makers of a promissory note, brought by the indorsee, pleaded, that the payee of the note, while he was the holder, being indebted to them in the sum of 800 dollars, by book, agreed with them, that so much of such debt as should be necessary for that purpose, should be applied towards the payment of the note, and that he would deliver up the note in part payment of the book debt; this plea being traversed by the plaintiff, it was claimed by him, on the trial, that the defendants must prove, that, at the time of the agreement, they had a book debt of the amount of 800 dollars, or at least of an amount greater than the sum due on the note, and that the agreement was, to deliver up the note in part payment of that book debt; it was held, 1. that the plea alleged

*Hartford,*
June, 1845.

Babcock
*v.*
Callender.

no agreement as to the amount of the book debt; 2. that the plaintiff might, under such plea, prove a book debt of any amount.

Where the defendants, in the same action, averred, in another plea, that they assigned and delivered to the payee and others, a large amount of personal property, as security for such note and other claims; after which, it was agreed between the defendants and the assignees, that any of the assignees might receive any part of the property assigned, to the amount of their respective claims, towards the payment thereof; and that said payee accordingly received a portion of said property, of the amount of said note, in payment thereof; all of which was done while he was the holder of the note; this plea being traversed, the plaintiff, on the trial, claimed, that he received the property from the defendants for a different purpose; and the court, without adverting to such claim, instructed the jury, that if the facts stated in the plea were proved, their verdict must be for the defendants; after a verdict in their favour, it was held, that it ought not to be set aside, on the ground of a misdirection, or that the finding, under the charge, showed, that the note had been paid twice.

THIS was an action of *assumpsit,* brought by *Silas P. Babcock,* as the indorsee and holder of a promissory note, made by the defendants, *R. & L. Callender,* dated the 21st of *January* 1841, for 262 dollars, 30 cents, payable to *Enos Babcock,* or order.

The defendants pleaded, 1st, that said note was indorsed and transferred, by *Enos Babcock,* the payee, long after it became due and payable; and that he, at that time, was, and still is, indebted to the defendants, by book, in proper articles of book account, in the sum of 800 dollars; that said *Enos,* whilst he was the holder of said note, was, and still is, insolvent; that whilst so insolvent, and before he transferred said note to the plaintiff, he agreed with the defendants, that so much of said book debt that they, the defendants, then had against him, as should be necessary for that purpose, should be applied towards the payment of said note, and that he would deliver up said note to the defendants, in part payment of said book account; all which was well known to the plaintiff, at the time said note was received by him; and the defendants, out of the moneys so due by said *Enos Babcock* to them, are willing and offer to set off and allow to the plaintiff the full amount due on said note.

In another plea, the defendants averred, that on the 3rd of *March* 1842, they mortgaged and assigned a large amount of personal property to said *Enos Babcock* and others [naming them] for the purpose of securing certain debts, then due from

*Hartford,*
June, 1845.

Babcock
*v.*
Callender.

the defendants to those persons; that the property so mortgaged and assigned was of the value of 1200 dollars; that the note and claim described in the plaintiff's declaration, was then, and for a long time thereafter, owned and held by said *Enos Babcock,* and was one of the claims so secured by said mortgage; that said property was delivered to the persons to whom it was so mortgaged and assigned; that it was afterwards understood and agreed, by and between the defendants and said *Enos Babcock* and the other mortgagees, that any of said mortgagees might purchase and receive any part of said property, to the amount of their respective claims secured by said mortgage, towards the payment thereof; and that all the property purchased by either of those persons having claims secured by said mortgage, should be received towards their respective claims so secured; and that said *Enos Babcock,* thereafter, and whilst he was the owner of the note and claim described in the plaintiff's declaration, purchased and received a large amount of said property, for the purpose aforesaid, and of the value and amount of said claim, towards the payment thereof.

Both these pleas were traversed, by the defendants; and issues were joined thereon.

The cause was tried at *Hartford, January* term, 1845, before *Williams,* Ch. J.

On the trial, the plaintiff claimed, that on the first issue, the defendants must prove, that at the time stated in their first plea, they had a book debt against *Enos Babcock,* of the amount of 800 dollars, in part payment of which said note was agreed to be given up; or that at least, they were bound to show, that at the time of the agreement, they had a book debt against him, to a greater amount than the sum due on said note; and that to sustain this plea, the defendants were bound to prove, that said note was agreed, by *Enos Babcock,* to be delivered up, in part payment of a book debt in favour of the defendants, larger than said note.

Upon this claim the court charged the jury, that if, at the time *Enos Babcock* was the owner of said note, he was indebted to the defendants by book, in as large or a larger amount than was then due on said note, and was still so indebted; and that he agreed with the defendants, that said note should be set off against such indebtedness, or be applied in

payment thereof; they should find the issue for the defendants: and if the jury should find, that *Enos Babcock* was indebted to the defendants by book, when he was the owner of said note, and was still so indebted, but not to the amount due on said note, and that he agreed with the defendants that such book debt should be set off against said note, it would be their duty to set off such book debt, to the amount thereof, against said note, and find the issue for the balance of said note in favour of the plaintiff. But the court did not charge the jury, on this subject, as requested by the plaintiff.

Under the issue joined upon the second plea, the defendants claimed to have proved all the facts therein alleged; particularly, the agreement therein mentioned, that the mortgagees might purchase and receive any part of the property mortgaged, to the amount of their respective debts secured by the mortgage; and that the plaintiff, while he was the owner and holder of his present claim, purchased and received a portion of the property mortgaged, equal in amount and value to said claim, in payment thereof.

The plaintiff denied that the defendants had proved these facts; and also claimed, that the defendants were left in possession of the goods so mortgaged, and acted as owners thereof, as before the mortgage was given, and were authorized to dispose of the same, on their own account; and that the goods taken up by the plaintiff, were received of the defendants to peddle out and account with them; and that, as he received said goods under an authority assumed by the defendants, they could not now be permited to say, that they had not such authority.

The court omitted to say any thing to the jury upon this claim, but instructed them, that if they should find the agreement set up in the second plea to be proved, and that the goods taken by the plaintiff from the shop, were taken by him under such agreement, while he was the owner and holder of said note, and to the amount thereof, and in payment thereof, as stated in said plea, they must find the issue for the defendants.

The jury returned a verdict on both issues for the defendants; and the plaintiff thereupon moved for a new trial for a misdirection.

*Hartford*,
June, 1845.
Babcock
*v.*
Callender.

*Hungerford* and *Fellowes*, in support of the motion, contended, 1. That the defendants were bound to prove the agreement set forth in their first plea precisely as alleged, either according to its terms, or according to its legal import. *Stark. Ev. part* 4. *pp.* 1557. 1561, 2. 1 *Chitt. Pl.* 304, 5, 6, 7, 8. *Greenl. Ev.* 68, 9. 71, 2. 75. 77. 79.   *Bunnel &* ux. v. *Taintor's* admr. 5 *Conn. R.* 273.   *Drake* v. *Watson*, 4 *Day* 37. That agreement was, to apply so much of a book debt of 800 dollars to the payment of the note declared on as should be necessary for that purpose, and to deliver up the note in part payment of said book debt of 800 dollars.

2. That the court charged the jury, that if they should find an entirely different agreement, *viz.* a mere agreement to set off any balance due the defendants on book, it would sustain this plea.   In this the court erred, and the plaintiff sustains material injury; for if the verdict stands, he is forever precluded from contesting the facts established by it, in another action. He will not be permitted to deny that *Enos Babcock* was indebted to the defendants 800 dollars on book.

3. That by finding the issues for the defendants, under the charge of the court, the jury have virtually made *Enos Babcock* pay the debt *twice*.   The two findings are entirely independent of each other.

4. That the court, under the second issue, instead of entirely omitting to charge the jury upon the plaintiff's claim, should have charged them thereon, in such a manner, that they might have fully considered the evidence in regard to the two agreements claimed to be proved, and have decided under *which* agreement the goods were taken up.

*Goodman*, contra, replied to the positions advanced by the plaintiff's counsel; after which *Toucey*, on the same side, was stopped by the court.

WAITE, J.   1. The defendants, in their first plea, have averred, that *Enos Babcock*, the payee of the note, while he was the holder, being indebted to the defendants in the sum of eight hundred dollars, by book, agreed with them, that so much of the book debt, as should be necessary for that purpose, should be applied towards the payment of the note,

*Hartford,*
June, 1845.

Babcock
*v.*
Callender.

and that he would deliver up the note in part payment of the book debt. This plea was traversed, by the plaintiff.

Upon the trial, it was claimed, by the plaintiff, that the defendants must prove, that, at the time of the agreement, they had a book debt of the amount of eight-hundred dollars, or at least to a greater amount than the sum due on the note, and that the agreement was to deliver up the note in part payment of the book debt. And in support of this claim, it is said, that the contract must be proved precisely as alleged in the plea.

There is no averment that any agreement was made as to the amount of the book debt. The defendants aver, that *Babcock* owed them a debt of eight hundred dollars, and agreed to make the set-off.

Had the defendants pleaded an indebtedness to them from the plaintiff of that amount, and a set-off, in the usual form of such pleas, it is very clear, that they might, under such plea, have given in evidence a book debt of any amount. It would not have been necessary, in such case, to prove the amount of the debt to be as great as stated in the plea. In this respect, the plea would not differ from a declaration in an action on book, where the plaintiff is never required to prove a debt as large as the amount specified in the declaration. The claim, therefore, that there is a variance between the contract alleged and the one proved, is without foundation.

But it is said, that the agreement was, that the note was to be applied in part payment of the book debt. It was so. But would *Babcock* be absolved from his agreement, if it should afterwards be found, that the two debts were equal? This clearly would be against every principle of justice. No injury would be done to him, if it should be found, on examination, that he owed the defendants less than the parties supposed, when the agreement respecting the set-off was made. Suppose he had been sued, by these defendants, for a violation of his agreement in refusing to make the set-off; would the circumstance that the two debts were just equal, furnish him any ground of defence? The same reasoning applies to that part of the charge of the court relating to a debt less than the amount of the note. But it is unnecessary to examine that part of the case, as the verdict of the jury shows,

*Hartford,*
*June, 1845.*

Babcock
*v.*
Callender.

that they must have found a book debt as large or larger than the debt due upon the note.

2. It is, in the next place, claimed, that the verdict of the jury shows, that the defendants had twice paid the amount of the note—once, by a set-off of their book debt, and again by the sale of their goods. For aught we know, this may have been the fact; and if it were, we discover no reason why the defendants might not have pleaded, in separate pleas, this double payment, and, upon satisfactory proof, might not obtain a verdict in their favour upon both pleas. It is indeed unusual for a debtor to pay a debt twice; still, if he does so, and is afterwards sued for the same debt, it would be very strange, if he could not show both payments, by way of defence to the suit.

We are of opinion, therefore, that a new trial must be denied.

In this opinion the other Judges concurred.

New trial not to be granted.